Filed 8/7/26  P. v. Salazar CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086417 |
| v. | (Super.Ct.No. FSB026920) |
| WILLIAM GILBERT SALAZAR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant William Gilbert Salazar appeals from the trial court's summary denial of his petition for resentencing under Penal Code section 1172.6. (All further undesignated statutory references are to this code.) Defendant filed his petition in propria persona, but had the assistance of appointed counsel in seeking an evidentiary hearing and resentencing. On appeal, this court appointed appellate counsel on defendant's behalf, and, upon finding no issues of arguable merit to raise to challenge the trial court's decision, counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 ["an arguable issue" requires "a reasonable potential for success" on appeal].) We gave defendant the opportunity to file a personal supplemental brief. He did not do so, despite notice it could result in dismissal. (See *Delgadillo*, at p. 232 [absent briefing, appellate court "may dismiss the appeal as abandoned"].) As we briefly explain, dismissal is the appropriate disposition here.

## BACKGROUND

An amended information filed in April 2002 charged defendant in count 1 with the murder of Richard Mendez with malice aforethought (§ 187, subd. (a)), and in count 2 with the attempted willful, deliberate, and premeditated murder of Joel Martinez (§§ 664, subd. (a), 187, subd. (a)). The information alleged firearm and gang enhancements on both counts (§§ 12022.5, subd. (a), 12022.53, subds. (b) & (d), 186.22, subd. (b)), but did not allege defendant acted in conjunction with any coperpetrators or accomplices in committing the murder or attempted murder.

2

In May 2002, a jury convicted defendant of counts 1 and 2 as charged, setting the murder at second degree, and found the firearm enhancements true on both counts. The jury found defendant did not commit either offense for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1).) The trial court sentenced defendant to an aggregate indeterminate term of 40 years to life on counts 1 and 2, which included 25 years to life for the section 12022.53, subdivision (d) firearm enhancement on count 1, plus a consecutive determinate 10-year term for the firearm enhancement under section 12022.53, subdivision (b) on count 2. This court affirmed defendant's conviction, with directions to correct the abstract of judgment. (*People v. Salazar* (E031903, July 8, 2003) [nonpub. opn.].)

In August 2023, defendant filed his section 1172.6 form petition in which, among other contentions, he asserted he could not under present law be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019. After defense counsel and the prosecutor filed their respective briefs, the trial court held a hearing on whether defendant established the requisite prima facie case to proceed under section 1172.6. At the hearing, the parties submitted the matter based on their briefing, and the court subsequently issued a detailed ruling in which it denied defendant's petition.

Reviewing the court file for defendant's conviction, the court explained: "The instructions to the jury show that, as to the murder, the Defendant was tried on the theory that the Defendant was the actual killer, acting with express or implied malice, and that

3

the Defendant himself intentionally discharged the firearm. [¶] As to the attempted murder, the jury was instructed that in order to convict, the Defendant must have had a specific intent to kill the victim. Further, in order to find the attempted murder willful, deliberate and premeditated, the attempted murder must be accompanied by a clear and deliberate intent to kill."

The court continued: "The Defendant was interviewed by the probation officer as part of the pre-sentence report. In his statement to probation, the Defendant admitted he was the person who shot the murder victim and admitted that he was the person who fired a shot at the attempted murder victim. [¶] In conclusion, the record of conviction in this case unequivocally establishes that the Defendant was the actual killer of the murder victim and was the person who actually shot at the attempted murder victim. The Defendant was not prosecuted on any theory of murder or attempted murder that has now been invalidated."

After the court denied defendant's petition in July 2024, he refiled essentially the same form petition in May 2025, checkmarking the same boxes next to the same preprinted allegations as the same alleged basis for resentencing under section 1172.6.

A week later, in late May 2025, the trial court summarily denied defendant's second petition. The court's minute order recited the procedural history regarding its denial of defendant's earlier petition "for failing to state a prima facie case." Denying the second petition, the court explained: "The current petition is identical to the previous petition. It does not assert any new facts or changes in the law. The new petition is

4

denied without any further hearing, the Court's previous ruling is the law of the case." Defendant appealed.

## APPEAL, GOVERNING LAW, AND DISMISSAL

As noted, following appointed appellate counsel's review of the record and the law, counsel filed a *Delgadillo* brief. Counsel did not argue against his client, but instead set forth a statement of the case and attested he found no issues to advance on appeal, including after consultation with Appellate Defenders, Inc. Counsel did not identify any potential issues for our review.

We have confirmed the law of the case precluded relief for defendant's duplicative second petition. We have reviewed the jury instructions and confirmed none were given regarding felony murder nor that otherwise might permit conviction for murder or attempted murder under the natural and probable consequences doctrine or any other theory of imputed malice prohibited by changes to the law of murder made by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) and subsequent legislation or caselaw. Nor has the law changed barring actual killers from resentencing relief under section 1172.6. We conclude nothing warrants our further review for arguable postconviction error or further expenditure of judicial or party resources; there are no issues of arguable merit on which to request merits briefing by the parties. Given defendant's decision not to file a supplemental brief, dismissal is the appropriate outcome here.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

LEE _____

J.

We concur:

RAMIREZ _____

P. J.

RAPHAEL _____

J.